UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAID ABDI YASIF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN EXPRESS,<br><br>　　　　　Defendant. | CASE NO. 2:25-cv-00656-JHC<br><br>ORDER |

      On April 28, 2025, the Court ordered pro se Plaintiff Said Abdi Yasif to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. Dkt. # 4 at 3. Plaintiff's complaint asserts federal question jurisdiction under the "Federal Reserve Act Section 16 Part (2)." Dkt. ## 1 at 2, 1-1. But as the Court noted, Section 16-2 of the Federal Reserve Act does not provide a private right of action and thus cannot establish such jurisdiction here. Dkt. # 4 at 2 (citing cases).

      On May 9, 2025, Plaintiff responded to the Court's Order to Show Cause. Dkt. # 6. Plaintiff stated that it is "simply not true" that Section 16 or Section 29 of the Federal Reserve Act do not provide them with a private cause of action. Plaintiff cites no law to support this argument and, in any event, "it is well settled that Sections 16 and 29 of the Federal Reserve Act

ORDER - 1

do not create a private cause of action." *Morton v. Am. Express*, No. 6:23-cv-04567-BHH-JDA, 2023 WL 7923927, at *3 (D.S.C. Oct. 18, 2023); *see also Ritchie v. Chan*, No. 23-CV-1715-JO-BGS, 2024 WL 270108, at *2 (S.D. Cal. Jan. 23, 2024) ("The Federal Reserve Act . . . only permits federal officials to bring actions against banks for misconduct and does not provide private citizens with a remedy for consumer finance violations.").

Plaintiff requests leave to amend the complaint to assert a "claim for breach of fiduciary duty under The Federal Reserve Actsection [*sic*], 16 part 2." Dkt. # 6 at 2. This is the same Section 16 claim that Plaintiff asserted in the original complaint. *See* Dkt. # 1 at 2. Ordinarily, the Court will allow a pro se litigant the opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). But Plaintiff cannot sue under the Federal Reserve Act and no additional facts could cure this fundamental deficiency of the complaint. *See Hafen v. United States Customs & Border Prot.*, No. 22CV5345AMDLGD, 2024 WL 1241996, at *4 (E.D.N.Y. Mar. 22, 2024). ("[L]eave to amend is not warranted where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction or that a claim cannot be stated as a matter of law.") (alteration in original) (internal quotation omitted).

For these reasons, the Court DISMISSES Plaintiff's complaint without prejudice for lack of subject matter jurisdiction. The Court DENIES Plaintiff's motion to amend the complaint, Dkt. # 6.

Dated this 13th day of May, 2025.

John H. Chun
United States District Judge

ORDER - 2